Paul DEAN, Robert Browning, John Franken and Thomas L. Welker, Individually, Plaintiffs,

v.

KERR–McGEE REFINING CORPORATION, Defendant.

No. CIV–87–1657–P.

United States District Court, W.D. Oklahoma.

May 18, 1988.

Robert F. Waters, Oklahoma City, Okl., and Donald H. Grisson, Austin, Tex., for plaintiffs.

Carolyn G. Hill, Kerr–McGee Center, Oklahoma City, Okl., for defendant.

## ORDER

PHILLIPS, District Judge.

### I. INTRODUCTION

This matter comes before the Court on defendant's Motion for Summary Judgment. Plaintiffs are four individuals, independent franchisees who have filed suit under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.*, ("PMPA" or "the Act") seeking damages and equitable relief from Kerr–McGee, their franchisor, for alleged violation of the Act. They claim that Kerr–McGee discriminatorily raised the rent at the five stations leased from Kerr–McGee by plaintiffs (plaintiff Dean leases two stations). Each plaintiff seeks to recover damages attributable to the increased rent and to enjoin Kerr–McGee from raising his rent. None of the

plaintiffs have been terminated nor has Kerr–McGee failed to renew their franchises. Each plaintiff executed identical three-year service station leases in 1986 differing only in name of franchisee, location and amount of rent.

Paragraph 3.2 of the lease provides that the rent may be adjusted annually. Pursuant to paragraph 3.2, each was notified between February 27 and April 3, 1987 of an increase in rent for the coming lease year and the basis for calculating the new rent. Each plaintiff agreed to the increase.

Plaintiffs filed this action August 17, 1987 alleging such rent increases were in violation of the PMPA. Plaintiffs also have brought state claims for defendant's breach of their obligation of good faith and fair dealing.

## II. PARTIES' CONTENTIONS

Defendant brings this motion for summary judgment on the basis that there are no genuine factual disputes as to plaintiffs' claims under the PMPA and that defendant is entitled to judgment as a matter of law on those claims and that plaintiffs' state claims are preempted by the PMPA.

Defendant's initially assert that because plaintiffs remain franchisees there was no nonrenewal or termination in this case and thus the PMPA is not applicable and this Court lacks subject matter jurisdiction. Defendant next asserts that if the PMPA is applicable defendant has not violated the PMPA because the determination by Kerr–McGee to increase rents was made in good faith and in the normal course of business, the rent formula was applied uniformly and non-discriminatorily to all franchisees in the Oklahoma City area, and that the only issue before the court is the reasonableness of the rent which is not subject to judicial review. Defendant asserts that there is nothing in the record to support plaintiffs' claims or to contradict defendant's proffered evidence of good faith and non-discriminatory intent.

Plaintiffs contend that the PMPA is applicable because the rent increases caused their leases to be constructively terminated. Plaintiffs further contend that the determination by Kerr–McGee to increase their rents was neither in good faith nor in the normal course of business and that such increases discriminated against plaintiffs. Plaintiffs allege that the rental modification was imposed pursuant to Section 2802(b)(2) and should be tested under the test for "reasonableness" under Section 2802(b)(2) as opposed to the test for "good faith" under Section 2802(b)(3). Plaintiffs assert that this test is an "objective" test which subjects the rent modification to stricter scrutiny. Plaintiffs further assert that their state law claims are not preempted by the PMPA.

## III. LOCAL RULE 14(B)

The requirements for motions filed with this Court are prescribed by Rule 14, Rules for the United States District Court of the Western District of Oklahoma. Local Rule 14(B) deals specifically with motions for summary judgment.

Rule 14(B) provides in pertinent part:
The brief in opposition to a motion for summary judgment (or partial summary judgment) shall begin with a section which contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of the movant's fact that is disputed. All material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party.

Plaintiffs do not include in their response a section which contains a concise statement of material facts as to which plaintiffs contend a genuine issue exists. Rather, plaintiffs begin their brief with a section entitled "Factual Background". Under this section plaintiffs begin with the statement "[p]laintiffs largely adopt the defendant's statement of the case." Plaintiffs do not attempt to dispute any of the material facts set forth in defendant's brief but rather in four numbered paragraphs set forth what plaintiffs deem to be material facts in dispute which defendant omitted

from its list. The statements in these paragraphs are conclusionary with no evidentiary matter to support them. Plaintiffs have attached exhibits to their response but neither these exhibits nor any other evidentiary matter is referred to in support of the material facts listed by plaintiffs as being in dispute.

As conceded by plaintiffs' counsel at oral argument, plaintiffs have not controverted defendant's undisputed material facts. Consequently, the material facts set forth in defendant's brief are uncontroverted and "deemed admitted for the purpose of summary judgment" under the last sentence of Local Rule 14(B). The following facts as set forth in defendant's brief are not in dispute for the purpose of this motion:

1. Each plaintiff agreed to lease each station under a lease which provides in Para. 3.2 for an annual rent adjustment.

2. Each plaintiff was notified as provided by the lease and the PMPA of the 1987 rent adjustment.

3. Each plaintiff agreed to the rent increase.

4. All other Oklahoma City area franchisees were notified of and agreed to the 1987 rent.

5. Neither the franchise relationship nor the lease of any plaintiff has been terminated.

6. Each plaintiff has paid and continues to pay the 1987 adjusted rent.

7. The development and implementation of the 1987 rent formula was done in the normal course of business.

8. The 1987 rent formula was calculated and applied to all Oklahoma City area franchisees in the same manner.

Separate and apart from the procedural default which deems defendant's facts admitted, plaintiffs have substantively failed to allege facts in support of their argument in opposition to defendant's motion. Plaintiffs set forth the following facts which they deem to be material to this motion and in dispute:

1. Plaintiffs' franchisees have been constructively terminated by Defendant's rental increases.

2. The rent increases are discriminatory.

3. The rent increases were not made in good faith nor in the normal course of business.

4. The rent formula is inherently unreasonable and discriminatory.

(Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment.)

At oral argument plaintiffs' counsel conceded that fact numbered one (1) went only to jurisdiction. Additionally, counsel conceded facts numbered two (2), three (3) and four (4) to be conclusionary without evidentiary matter in support. Plaintiffs attached three exhibits to their brief. In addition to not being referenced in their list of material facts, these exhibits contain nothing which would support plaintiffs' argumentative allegations.

Plaintiffs' Exhibit A is entitled "1987 Rent Modification Program (OKC)". Plaintiffs do not indicate the origin of this report in their response but the Court learns from the defendant's initial motion that the report was prepared by Kerr–McGee. The report is nothing more than a summary of the effects of the rent modifications on Kerr–McGee franchisees. The report indicates that an 8% rate of return was applied to the appraised value of the service stations leased to franchisees. In addition it indicates that franchisees realized both increases and decreases in rent. Further it indicates that plaintiffs' rent increases were higher than the increases realized by other franchisees. Aside from demonstrating that plaintiffs experienced increases in rent along with other franchisees, this report does nothing to show that such increases were discriminatory or inherently unreasonable. In no way does this exhibit show that the rent increases were made neither in good faith nor in the normal course of business. While Exhibit A is the only exhibit remotely relevant to defendant's summary judgment motion it is entirely insufficient to support plaintiffs' conclusion that the rent increases were discriminatory and not made in good faith and in the normal course of business.

Plaintiffs' Exhibit B is a page from the deposition of plaintiff Linden Paul Dean.

The most useful piece of information to plaintiffs' argument which can be derived from this exhibit is contained in Mr. Dean's answer to a question posed by one of the parties' counsel. The Court cannot determine what the question was because it began on the previous page of the deposition which was not provided for the Court. Dean's answer reads as follows:

> A. I—The station is valuable to me in the sense that that's how I make my living.
>
> If I had to pay over $500,000 for the corner that Jiffy Lube did, there's no way in the world, even with selling the other two lots, that I could change oil and do safety inspections and pay my rent and make a living there. Now, a big corporation can go in and do that, but an individual can't.
>
> And it's the same way at my location. I can afford a reasonable rent, but when it gets unreasonable, then you're forcing me out of business.

The only thing this exhibit has to offer the Court is Mr. Dean's opinion that if the rent he is required to pay Kerr–McGee becomes unreasonable he may be forced out of business. It offers nothing to the effect that the rents were discriminatory or made in bad faith or were not determined in the normal course of business. Nor does it demonstrate that the rent increases were unreasonable.

Exhibit C of plaintiffs' response contains letters from Kerr–McGee to plaintiffs, notifying them that unless they accept the new rent terms their franchise relationships will be terminated. The Court finds this exhibit to be of no value whatsoever to plaintiffs' argument. It is nothing more than the correspondence which generated this lawsuit, and the Court is at a loss as to understand why this exhibit was even attached.

As counsel admitted at the hearing on this matter, plaintiffs' response was neither "real" nor "proper". Consequently summary judgment can be GRANTED on both procedural and, as will be further discussed below, substantive grounds.

## IV. THE PETROLEUM MARKETING PRACTICES ACT

■ The PMPA in most cases applies only to terminations or non-renewals of franchise agreements. Because the plaintiff franchisees accepted the new rental terms there was not a termination or non-renewal in this case. Thus, the Court must determine if the PMPA applies in this case. This Court agrees with the court in *Meyer v. Amerada Hess Corp.*, 541 F.Supp. 321 (D.N.J.1982), that the language in Section 2805(a), conferring the right of action under the PMPA, is not so narrowly drawn as to provide no cause of action in a situation such as this where a franchisee is forced to accept a provision in a franchise agreement and the franchisee accepts such provision rather than having its franchise agreement terminated. In short the Court finds that if the new rental terms imposed by the defendant pursuant to its franchise agreements with plaintiffs were in violation of the PMPA, plaintiffs have a cause of action even though they accepted those terms.

■ Having decided that the PMPA is applicable the Court further finds that plaintiffs' state law claims for defendant's breach of its obligation to deal with plaintiffs in good faith are preempted by the PMPA. In *Continental Enterprises, Inc. v. American Oil Co.*, 808 F.2d 24, 27 (8th Cir.1986), the court, in holding plaintiff's state law claims were preempted, noted that "[a] number of district courts have held that the PMPA preempts a state law action when the action arises out of the franchise termination or is an incident of the termination." The Court finds that plaintiffs' state law claims are incident to the, as plaintiffs phrase it, "constructive termination" in this case and are thus preempted by the PMPA.[1]

■ The new rental terms were imposed by Kerr–McGee pursuant to paragraph 3.2 of its service station leases which allowed for such adjustments in rent. All franchisees including plaintiffs were informed that if they did not accept the new terms their franchise relationships would be ter-

---

1. Plaintiffs cite two district court opinions to the contrary. *See Cason v. Texaco, Inc.*, 621 F.Supp. 1518 (M.D.La.1985); *L.C. Williams Oil Co. Inc. v. Exxon Corp.*, 627 F.Supp. 864 (M.D.N.

minated per 15 U.S.C. § 2802(b)(2)(A) which allows for termination for failure of a franchisee to comply with a provision of a franchise that is "both reasonable and of material significance to the franchise relationship." Under Section 2802(b)(3) grounds for non-renewal include when a franchisee fails to agree to changes or additions which are the result of determinations made by a franchisor in good faith and in the normal course of business and not for the purpose of preventing the renewal of a franchise relationship. The tests for "reasonableness" and "good faith" under the respective sections are essentially the same. The meaning of good faith is the franchisor's subjective good faith. *Tiller v. Amerada Hess Corp.*, 540 F.Supp. 160, 165 (D.S.C. 1981). Reasonableness is a subjective standard evaluated principally from the perspective of the franchisor. *Darling v. Mobil Oil Corp.*, No. 87–37 (D.Conn. March 3, 1988); *Gruber v. Mobil Oil Corp.*, 570 F.Supp. 1088, 1093 (E.D.Mich.1983) ("the legitimate business judgments of the franchisor are given considerable weight"). Under either test defendant is entitled to summary judgment.

█ The burden is on the franchisor to go forward with evidence that a termination or non-renewal was permitted under § 2802(b). *See* 15 U.S.C. § 2805(c). The evidence in the present case indicates that the rental formula based on an eight percent (8%) return on investment on the appraised value of the service stations was uniformly applied to all franchisees. A two hundred percent (200%) limit was put on the amount a franchisee's rent could increase. Franchisees realized decreases as well as increases in rent. F.B. Henry, defendant's executive who had final responsibility for the design and implementation of the new rent plan, states in his affidavit that the plan was implemented in good faith and in the normal course of business. Plaintiffs' own expert in his only report set reasonable rents for plaintiffs' stations at amounts higher than the formula rents. Plaintiffs' only argument is that their rent

increases were significantly higher than other franchisees and that such rent increases will force them out of business. Plaintiffs have presented no evidence that the rent increases were made in bad faith or were intended to discriminate against plaintiffs. "A showing that terms are applied without discrimination to all dealers rather than selectively to the complaining franchisee is strongly indicative that there is no intent to cause termination or nonrenewal." *Meyer v. Amerada Hess Corp.*, 541 F.Supp. at 330.

The Court recognizes that subjective intent is normally a jury question, *see Tiller v. Amerada Hess*, 540 F.Supp. at 165, but when a plaintiff offers no relevant evidence, as in the present case, to rebut defendant's showing of good faith and non-discriminatory intent, summary judgment is appropriate.

Accordingly, defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

---

C.1985). Even assuming *arguendo* that these cases are correct, and plaintiffs' state claims are not preempted, summary judgment is still appropriate since plaintiffs' evidentiary submis-

sions have raised no factual disputes on the issue of defendant's alleged breach of the duty of good faith and fair dealing.